IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0739** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| C.O. MALLICK, et al., | : | |
| Defendants | : | |

..................................................................................................................................................

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0770** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JANINE DONATE, WARDEN, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On April 7, 2010, Plaintiff, Marvin Junius Simmons, an inmate at the Lackawanna County Prison, Scranton, Pennsylvania ("LCP"), filed, *pro se,* a civil rights action with this Court pursuant to 42 U.S.C. § 1983, namely, *Simmons v. Mallick, et al.*, M.D. Pa. Civil Nos. 1:CV-10-0739 .(Doc. 1).[1] Plaintiff also filed an Motion for Leave to Proceed *in forma pauperis* (Doc. 5). We screened Plaintiff's Complaint in case #10-0739 under the PLRA and, on April 21, 2010, we issued a Report

---

[1] Plaintiff Simmons has also recently filed three other civil rights actions with this Court, to wit: M.D. Pa. Civil Nos. 1:CV-10-0770; 1:CV-10-0771; and 1:CV-10-0772. These three cases are currently pending with the Court.

and Recommendation ("R&R") and recommended that all of Plaintiff's claims against Defendant Sherelli be dismissed, and that this supervisory Defendant be dismissed entirely from this case since there were no cognizable constitutional claims stated against him. Further, it was recommended that Plaintiff's claim for verbal, racial and sexual harassment against Defendants Mallick and Talutto be dismissed. It was additionally recommended that Plaintiff's Eighth Amendment denial of proper medical care claim, which was only asserted against Defendants Mallick and Talutto, be dismissed. Moreover, it was recommended that Plaintiff's request for a transfer to another county prison be dismissed. (Doc. 8, #10-0739). The stated R&R we filed in case #10-0739 is currently pending with the Court.

On April 12, 2010, Plaintiff, Marvin Junius Simmons, filed, *pro se,* another civil rights action, similar to his #10-0739 case, with this Court pursuant to 42 U.S.C. § 1983, namely, *Simmons v. Donate*, *et al*. M.D. Pa. Civil No. 1:CV-10-0770. (Doc. 1). Plaintiff again filed an Motion for Leave to Proceed *in forma pauperis*. (Doc. 5). Plaintiff names as Defendants in his #10-0770 case LCP Warden Donate, LCP C.O. Mallick and LCP C.O. "Taluuto."[2]

We now screen Plaintiff's Complaint in case #10-0770 as we are obliged to do under the PLRA. We find that Plaintiff's claims against Defendants Mallick and Talutto in his case

---

[2] In his #10-0739, case Plaintiff spelled Defendant Talutto's name as "Talutto," and in his #10-0770 case, Plaintiff spells this Defendant's name as "Taluuto." We use Plaintiff's first spelling of Defendant Talutto's name herein. Regardless, this Defendant, a C.O. at LCP, is clearly the same person in both of Plaintiff's stated cases, and Plaintiff's Eighth Amendment claims against this Defendant in both of his stated cases are identical.

#10-0770 are the same as his claims against these two Defendants in his case #10-0739, that the two stated cases as against Defendants Mallick and Talutto should be consolidated into case #10-0739, and that case #10-0770 should be closed.[3]

## II. Discussion.

In Plaintiff's case #10-0739, he stated the following claims against Defendants Mallick and Talutto:

> I was subjected to cruel & unusual punishment. Officer Talutto and Officer Mallick entered my cell [on 3-27-10], Officer Talutto put his arm around my neck choking me in a headlock, while Officer Mallick snatched my pants and underware (sic) down to my ankles. Office Mallick then sexually assaulted me by jamming his finger in my rectum which damaged and caused my rectum to bleed. Officer Mallick then called me a no-good black nigger and told me if he had his gun on him he would blow my head off. Mallick and Talutto refused to get me medical attention for my rectum injury. I reported all of this to Captain Sherelli nothing was done about this. I filed grievances and appeals to the warden. The warden returned my grievances appeals back to me unanswered.

(Doc. 1, p. 3, #10-0739).

In his case #10-0770, Plaintiff alleges as follows:

> On 3-27-2010 Officer Talutto and Officer Mallick entered my cell. Officer Talutto grabbed me around my neck placing me in a choke hold head lock. At that point Officer Mallick snatched my pants and my underware (sic) down to my ankles. Then Officer Mallick jammed his finger in my rectum causing me to bleed in a lot of pain. Officers Mallick and Talutto refused to give me medical attention. Officer Mallick told me that he was going to kill me if I report him. Officer Mallick and Officer Talutto are degrading me harassing me and threatening to kill me whenever they are on duty. I've made five

---

[3]Since we stated all of the applicable standards in our recent R&R filed in Plaintiff's #10-0739 case, we do not repeat them herein.

3

> written complaints to the Warden Janine Donate and all of my
> complaints were ignored.

(Doc. 1, pp. 2-3, #10-0770).

The only difference between Plaintiff's statement of claims in his two cases is that in his case #10-0770, he adds LCP Warden Donate as a Defendant and alleges that he "made five written complaints [about C.O.'s Mallick and Talutto] to the Warden Janine Donate and all of my complaints were ignored." (*Id.*, p. 3). Also, in both cases, Plaintiff admits that he did not fully exhaust his available administrative remedies at LCP, but he avers that he submitted grievances to the Warden and that the Warden ignored them.[4]

As stated, in Plaintiff's #10-0739 Complaint and his #10-0770 Complaint, Plaintiff names as Defendants C.O. Mallick and C.O. Talutto, and his Eighth Amendment claims against both of these Defendants are essentially the same in the stated two Complaints. The recommendations we made with respect to Defendants C.O. Mallick and C.O. Talutto in Plaintiff's #10-0739 case

---

[4]As we noted in our R&R issued in Plaintiff's #10-0739, Plaintiff indicated that he utilized the grievance procedure available at LCP and that he filed grievances and appeals with the Warden. However, Plaintiff stated that he did not receive any responses to his grievances and his appeals, and that "the warden returned [his] grievances [and] appeals back to [him] unanswered." We also noted in the stated R&R that none of the copies of the grievances and appeals Plaintiff attached to his #10-0739 Complaint were signed by Plaintiff and LCP staff, and none were marked received by LCP staff. Thus, there was no indication on these exhibits showing that LCP staff actually received any of the grievances and appeals of Plaintiff.

Further, in our R&R filed in case #10-0739, we noted that Plaintiff must exhaust his administrative remedies with respect to all of his claims prior to filing a civil rights suit, however Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

are equally applicable to the claims Plaintiff makes against these two Defendants in his #10-0770 case.

Also, we find that Plaintiff raises the exact same Eighth Amendment claims against these two exact same Defendants (Mallick and Talutto) in his Civil No. 10-0739, M.D. Pa. case as he does in his Civil No. 10-0770, M.D. Pa. case. Thus, we will recommend that Plaintiff's Civil No. 10-0770 case be consolidated into his Civil No. 10-0739 case with respect to Defendants Mallick and Talutto, and that his Civil No. 10-0770 case be closed.

Rule 42(a) of the Federal Rules of Civil Procedure states that:

When actions involving a common question of
law or fact are pending before the court, it
may order a joint hearing or trial of any or all
the matters in issue in the actions consolidated;
and it may make such orders concerning proceedings
therein as may tend to avoid unnecessary costs
or delay.

*See Mitchell v. Dodrill*, 2009 WL 179725, *1 (M.D. Pa.).

We have reviewed Plaintiff's two cases, Civil No. 10-0739 and Civil No. 10-0770, and we find that they involve common questions of law and fact. As explained, the two civil rights actions are essentially the same. They assert the same Eighth Amendment excessive force claims against Defendants Mallick and Talutto regarding the March 27, 2010 body cavity search in Plaintiff's LCP cell, as well as the same Eighth Amendment denial of proper medical care claim against these Defendants for his alleged rectal bleeding following the search. Further, both case basically assert the same claims for relief, namely a restraining order, a transfer to a different county

jail, and compensatory damages. Accordingly, pursuant to Rule 42(a), we will recommend that the above captioned cases be consolidated with respect to Defendants Mallick and Talutto and Plaintiff's Eighth Amendment excessive force claim against them, and that the matter proceed under Civil Action Number 1:CV-10-0739.

To the extent that Plaintiff now names LCP Warden Donate as a Defendant in his #10-0770 case, we will recommend that she be dismissed. Plaintiff merely alleges that Defendant Donate ignored his five written complaints about Defendants Mallick and Talutto.

In particular, Defendant Donate's personal involvement in the stated March 27, 2010 incident is not alleged either as a participant in the averred assault or as failing to take any action to protect Plaintiff from the assault Also, we do not find that Plaintiff has stated an Eighth Amendment failure to protect claim against Defendant Donate. Plaintiff does not aver that Defendant Donate saw the alleged assault on him by Defendants Mallick and Talutto. Nor has Plaintiff plead any facts which even remotely indicate that Defendant Donate could have intervened to prevent the alleged assault.

Thus, it is clear from Plaintiff's own pleading that Defendant Warden Donate did not have a reasonable and realistic opportunity to intervene to stop the alleged March 27, 2 010 assault. *See Ali v. McAnany*, 262 Fed. Appx. 443, 446 (3d Cir. 2008)(duty of an officer to intervene "only arises where an officer is presented with a 'reasonable and realistic opportunity to intervene.'")(citing *Smith v. Mensinger*, 293 F. 3d 641, 650 (3d Cir. 2002). Plaintiff has not plead any facts that Defendant Donate had reason to know that Mallick and Talutto were going to use

excessive force on him on March 27, 2010, and that Donate could have reasonably prevented the alleged injury to him by intervening.

As mentioned, in our recent R&R filed in Plaintiff's #10–0739 case, we found that Plaintiff sufficiently stated an Eighth Amendment excessive force claim only against Defendants Mallick and Talutto regarding the March 27, 2010 alleged assault incident at LCP.

Moreover, we do not find that Plaintiff has stated the personal involvement of Defendant Donate with respect to his Eighth Amendment denial of proper medical care claim regarding his alleged rectal bleeding after the March 17, 2010 incident. We will recommend that Defendant Warden Donate be dismissed entirely from Plaintiff's #10-0770 action since we find no cognizable claims are asserted against her.

The Court in *Marten v. Hunt,* 2009 WL 1858257, *8 (W. D. Pa.), stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* quoting *Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1958, 1207 (3d Cir.1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) quoting *Rode,* 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 for violating female subordinate

> officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

As discussed above, we find that Plaintiff does not state sufficient allegations against Defendant Warden Donate to hold her liable under § 1983 with respect to the alleged constitutional violations committed by Defendants Mallick and Talutto. Plaintiff merely alleges that Defendant Donate ignored his complaints regarding his allegations against Mallick and Talutto.

## III. Recommendation.

Based upon the foregoing, it is respectfully recommended that the above-captioned cases be consolidated with respect to Defendants Mallick and Talutto, and that the matter proceed under Civil Action Number 3:CV-10-0739, M.D. Pa. It is recommended that Plaintiff's Civil Action Number 3:CV-10-0770, M.D. Pa., be closed. It is additionally recommended that Plaintiff's *in forma pauperis* motion (Doc. 5) he filed in Civil Number 3:CV-10-0770, M.D. Pa., be granted solely for the purpose of filing this action. Also, it is recommended that Defendant Warden Donate be dismissed entirely from Plaintiff's #10-0770 action. It is further recommended that the consolidated case under Civil Action Number 3:CV-10-0739 be remanded to the undersigned for further proceedings only as to Plaintiff's Eighth Amendment excessive force claim against Defendants Mallick and Talutto regarding the March 27, 2010 alleged assault incident.

s/ **Thomas M. Blewitt**_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 23, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0739** |
|---|---|---|
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| C.O. MALLICK, et al., | : | |
| Defendants | : | |

| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0770** |
|---|---|---|
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JANINE DONATE, WARDEN, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 23, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which

objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 23,2010**